UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.   Case No.:   8:15-CR-276-T-36TGW

**ABEL PATRICIO GONGORA CHILA**
_____/

<u>**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR A SENTENCE OF ONE HUNDRED AND TWENTY (120) MONTHS INCARCERATION AND INCORPORATED MEMORANDUM OF LAW**</u>

**COMES NOW**, the Defendant, ABEL CHILA, by and through his undersigned counsel, A. FITZGERALD HALL, pursuant to 18 U.S.C. §3553(a), and moves this Court to: **ENTER A SENTENCE OF ONE HUNDRED AND TWENTY (120) MONTHS INCARCERATION**. As grounds for this motion, the Defendant offers the following:

**INTRODUCTION**

1. On July 28, 2015, Mr. Gongora-Chila was indicted for count one, conspiracy to possess with intent to distribute 5 kilograms or more of powder cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii); and count two, possession with intent to distribute 5 kilograms or more of powder cocaine while aboard a vessel subject to the jurisdiction of the United States in

violation of 46 U.S.C. §§ 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) (Doc. 1).

2. On August 18, 2015, Mr. Gongora-Chila was arrested on the aforesaid indictment (Doc. 19). On August 19, 2015, Mr. Gongora-Chila made his initial appearance before the Court (Doc. 6) and was ordered detained (Doc. 15).

3. On November 5, 2015, pursuant to a plea agreement, Mr. Gongora-Chila pleaded guilty to count one of the indictment (Docs. 30 & 45). Sentencing in this case is currently scheduled for Thursday, February 25, 2016, at 9:30 a.m. (Doc. 82).

4. The facts in this case are not in dispute. On July 10, 2015, Mr. Gongora-Chila, along with two co-defendants, boarded an open-hull go-fast vessel to smuggle cocaine on the high seas (PSIR ¶11). The crew departed from the area of Tumaco, Colombia. *Id.* On July 14, 2015, while on routine patrol, a helicopter from the USS Stratton detected the vessel Mr. Gongora-Chila was aboard and noticed that the vessel had suspicious cargo on its deck (PSIR ¶12). Furthermore, no claim of nationality was made for the vessel and there was no flag, registration paperwork, or any other evidence of nationality for the vessel (PSIR ¶13). The vessel was stopped and, subsequently, a boarding team from the USS Stratton conducted a right-of-visit

boarding. *Id.* No contraband was found on the vessel, but a bale containing approximately 60 kilograms of cocaine was recovered from the water (PSIR ¶14). The investigation in this case revealed that approximately 300 kilograms of cocaine were discarded by the defendants. *Id.*

5. The PSIR has been disclosed in this case and there are no objections to the report. As a result, the PSIR currently reflects that Mr. Gongora-Chila's total offense level is 31 and his criminal history category is I (PSIR ¶¶21-30). This results in an advisory range of imprisonment of 108 – 135 months (PSIR ¶64). However, due to the statutory minimum-mandatory penalty in this case, Mr. Gongora-Chila's advisory guidelines are increased to reflect such minimum-mandatory penalty in this case of 120 – 135 months incarceration. *Id.*

6. Notwithstanding the above, due to the nature and circumstances of the instant offense, the history and characteristics of Mr. Gongora-Chila, and the need for the forthcoming sentence to afford <u>adequate deterrence</u>, Mr. Gongora-Chila requests this Court impose a sentence of one hundred and twenty (120) months incarceration pursuant to 18 U.S.C. § 3553(a) and the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

7. As outlined above, Mr. Gongora-Chila is facing an advisory term of incarceration of 120 - 135 months (PSIR ¶¶30, 34, & 64).

8. In this case, Mr. Gongora-Chila requests this Court consider the following highlighted factors set forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

(1) **the nature and circumstances of the [instant] offense** and **the history and the characteristics of the defendant;**

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) **to afford adequate deterrence to criminal conduct**;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) [the applicable Sentencing Guidelines];

(5) any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added). *See United States v. Talley*, 431 F.3d

784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them). *See also, United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (same). The Guidelines are only one of the factors to consider when imposing sentence and §3553(a)(3) directs the judge to consider sentences other than imprisonment. *Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586, 602 (2007) (emphasis added).

9. It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (emphasis added) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

10. Pursuant to Section 3553(a), and the above cited case-law, Mr. Gongora-Chila requests this Court impose a reasonable sentence in this case. In particular, Mr. Gongora-Chila seeks a 120-month term of incarceration due to the following: the nature and circumstances of the instant offense, his history and characteristics, and the need for the forthcoming sentence to afford adequate deterrence.

    **A.**    **The Nature and Circumstances of the Offense**

11. First, the instant offense is a serious offense and it is a violation of

the law (PSIR ¶¶10-15).

12. However, it should be noted that the circumstances of the <u>instant</u> offense are mitigated by the fact that it is absent any acts of violence committed by Mr. Gongora-Chila. *Id.* Furthermore, upon closer examination of the facts surrounding this case, it is obvious that Mr. Gongora-Chila was a "mule" in this case. That is to say, Mr. Gongora-Chila was assisting in transporting the cocaine involved in this case and was not the owner, captain, or load-guard in this case. Simply stated, Mr. Gongora-Chila was a mariner/fisherman on this venture (PSIR ¶15).

13. In any event, Mr. Gongora-Chila has made a very grave mistake for which he has to now pay a very hefty price----spending <u>at least</u> 10 years' of his life incarcerated.

**B. The History and Characteristics of Mr. Gongora-Chila**

14. In this case, the history and characteristics of Mr. Gongora-Chila speak for themselves and they are remarkable. *See*, generally, PSIR ¶¶38-48. That is to say, Mr. Gongora-Chila has never had any encounters with the law prior to the commission of the instant (PSIR ¶¶31-37). And as a result, Mr. Gongora-Chila has zero criminal history points, which yields a criminal history category of I---the lowest criminal history category (PSIR ¶34). Here, this Court should note that Mr. Gongora-Chila is obviously a far cry from the highest

criminal history category of VI and that Mr. Gongora-Chila <u>is not</u> a career offender facing an increased period of incarceration. Likewise, neither is Mr. Gongora-Chila facing an enhanced penalty for a prior felony drug conviction as he has no prior convictions of any kind (PSIR ¶¶31-37).

15. Here, this Court should note that Mr. Gongora-Chila has had a hard life. At the age of three, his parents gave him to his maternal grandparents to be raised (PSIR ¶38). Thereafter, his grandmother subsequently died and Mr. Gongora-Chila was reared by his grandfather until he was no longer able to do so (PSIR ¶¶39 & 40). Mr. Gongora-Chila has no relationship with his parents. *Id.*

16. Mr. Gongora-Chila has two children: ages six (6) and two (2) (PSIR ¶46).

17. In this case, there is no escaping the fact that one is responsible for his own conduct/actions in life. However, as in all criminal cases, this Court is being requested to consider Mr. Gongora-Chila as a unique individual, consider his upbringing, and consider any contributing factors that may have "assisted" in the instant poor decision making.

**C. The Need for the Sentence to Afford Adequate Deterrence**

18. Mr. Gongora-Chila requests this Court consider the above in imposing a reasonable sentence in this case.

19. Additionally, a reasonable sentence imposed in this case, the

suggested one hundred and twenty (120) months incarceration, will serve to punish Mr. Gongora-Chila for his instant criminal conduct.

### D. Just Punishment for the Offense

20. Finally, the one hundred and twenty (120) months incarceration requested, under the facts surrounding this case, would not be one greater than necessary and it would accomplish all of the factors arrayed at Section 3553(a). Also, such a sentence would be just punishment for the offense committed in this case.

**WHEREFORE**, Mr. Gongora-Chila prays this Court will impose the requested 120-month prison sentence in this case.

DATED this 24th day of February 2016.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: Alec_Hall@fd.org
*Attorney for Defendant Gongora-Chila*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of February 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA James Preston

*/s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Assistant Federal Defender